## In re PREFERRED MOTOR CARS, LTD., Debtor.

**Bankruptcy No. 83–00043.**

United States Bankruptcy Court, D. Hawaii.

Jan. 6, 1984.

Gerald I. Fujita, Honolulu, Hawaii, for trustee.

Susan Tius, Honolulu, Hawaii, for Credit Union.

Gaylord Tom, Richard Lachmann, Honolulu, Hawaii, for Lees.

### MEMORANDUM DECISION AND ORDER

JON J. CHINEN, Bankruptcy Judge.

On November 18, 1983, the Fort Shafter Federal Credit Union, hereafter "Credit Union", filed a Notice of Hearing; Application for Order Directing Eric and Audrey Lee to Deliver Automobile Transfer Documents to Beverly Ann Pearson and Fort Shafter Federal Credit Union, or, in the Alternative, for Order Directing Department of Motor Vehicle Registration, City and County of Honolulu, State of Hawaii, to Issue Title to Beverly Ann Pearson and Fort Shafter Federal Credit Union. On December 16, 1983, a hearing was held with Charles W. Loomis representing the Credit Union and Richard Lachmann representing Eric and Audrey Lee, hereafter the "Lees", who retain possession of the Certificate of Ownership to the automobile in question. The Trustee, Gerald Fujita, and Beverly Ann Pearson, hereafter "Pearson", who has

actual physical custody of the car, were also present. The Court took the matter under advisement, requesting counsel to submit additional memoranda. On December 21, 1983, the Credit Union filed a Memorandum in Support of the Application and the Lees filed a Memorandum in Opposition. The Court, having considered the evidence presented, the memoranda, and the arguments of counsel, makes the following Findings of Fact, Conclusions of Law and Order.

## FINDINGS OF FACT

1. The Credit Union made a loan to Pearson to finance her purchase of a 1976 Audi Fox automobile, serial number 846201966. Pearson purchased the car through the Debtor, Preferred Motor Cars, Ltd., who was acting as an agent for the Lees.

2. The appropriate documents, which were required to transfer the title from the Lees to the Credit Union and Pearson, were executed and payment was made to the Debtor's representative. The Debtor, however, failed to deliver the title transfer documents to the Department of Motor Vehicles. Legal title to the automobile was therefore not transferred to Pearson, but remained with the Lees.

3. On July 28, 1983, the Credit Union filed an Application for Order Authorizing and Directing Trustee to Deliver Automobile Title Transfer Documents in which it sought to have title to the car transferred to Pearson. Eric Lee stated in an affidavit filed with this Court on September 6, 1983 that he did not assert any claims to the 1976 Audi Fox and did not object to the Trustee submitting the transfer title documents to the Department of Motor Vehicles. At the hearing on September 6, 1983, the Credit Union's Application was granted and an Order Authorizing and Directing Trustee to Deliver Automobile Transfer Documents was entered on September 13, 1983. The Order was subsequently amended on January 5, 1984.

4. Pursuant to the Court's Order, the Trustee delivered the automobile title transfer documents to the Credit Union who, in turn, delivered the documents to Pearson. When Pearson attempted to register the automobile at the Department of Motor Vehicles, she was informed that a duplicate Certificate of Ownership had been issued to the Lees and, as a result, all previous Certificates of Ownership and other related documents were invalid. The Department of Motor Vehicles refused to transfer title of the car unless it received the fully executed duplicate Certificate Title which the Lees had acquired.

5. The Lees admit that they are in possession of the duplicate Certificate of Ownership, but refuse to execute and release the duplicate to the Credit Union and/or Pearson. Pursuant to H.R.S. § 286–55, a duplicate Certificate of Ownership or Certificate of Registration may be applied for and obtained only upon the certification under oath by an applicant that the original certificate was lost, damaged, mutilated or stolen. The Lees, however, acquired a duplicate Certificate even though they knew that the original was held by the Trustee and was, therefore, not lost, damaged, mutilated or stolen.

6. Consequently, although Pearson has possession of the automobile, it remains unregistered and she has received citations for having an unregistered car on the military base where she resides and is employed. As a result, Pearson has incurred additional expenses and inconvenience.

7. Wherever these Findings of Fact are Conclusions of Law, they are hereafter incorporated as such.

## CONCLUSIONS OF LAW

1. The Credit Union has requested the bankruptcy court to issue an order directing the Lees to execute and deliver the duplicate Certificate of Ownership and other title transfer documents relating to the 1976 Audi Fox to the Credit Union and Pearson. In the alternative, the Credit Union seeks an order from this Court directing the Department of Motor Vehicles to issue a Certificate of Ownership and/or Certificate of Registration to the Credit Union as legal

owner of the car and Pearson as registered owner and invalidating all previous title documents concerning the car in which the Lees or any other party may claim an interest.

2. The bankruptcy court, however, is a court of limited jurisdiction. The Court must therefore decide whether the dispute between the Credit Union and the Lees over the ownership and transfer of title documents to the automobile is properly within its jurisdiction before it can consider the merits of the Credit Union's application.

3. Since the Debtor and, subsequently, the Trustee had possession of the ownership and transfer of title documents, the Court did initially have jurisdiction over the dispute. Therefore, when the Credit Union filed an Application for Order Authorizing and Directing the Trustee to Deliver these documents to the Credit Union and/or Pearson, the Court had the necessary powers to hear and decide the matter. The Court granted the Credit Union's application and issued an order with which the Trustee complied by delivering the necessary documents to the Credit Union.

4. The dispute which has since arisen between the Credit Union and the Lees, and which is the subject of this decision, does not involve the Debtor, the Debtor's estate, or the Trustee. Rather the dispute centers on the apparent fraud perpetrated by the Lees in obtaining a duplicate Certificate of Ownership for the car when they knew that the original had not been lost, damaged, mutilated or stolen. The ultimate effect of the Lees' action has been to prevent Pearson from registering her car. The Credit Union, therefore, is seeking relief from the Court to remedy this alleged injustice. The Court, however, does not have the jurisdiction necessary to render a decision on this related matter. See *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982); In the Matter of Rules of Court, December 23, 1982.

5. Once the Court had granted the Credit Union's initial application and the Trustee had complied, the bankruptcy court was essentially divested of its jurisdiction over the resulting dispute between the Credit Union and the Lees. In light of the *Marathon Pipeline* case, this court cannot transcend the powers which it has been given. The Credit Union and Pearson must, therefore, go to state court to obtain the remedy they seek.

6. Based on the above Findings of Fact and Conclusions of Law, the Court hereby dismisses the application ordering the Lees to deliver the ownership and transfer of title documents to the Credit Union and/or Pearson for lack of jurisdiction.